Exhibit A

2120 - Served          2121 - Served
2220 - Not Served      2221 - Not Served
2320 - Served By Mail  2321 - Served By Mail
2420 - Served By Publication  2421 - Served By Publication
SUMMONS                ALIAS - SUMMONS

(8/01/08) CCG N001

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____ LAW _____ DIVISION

No. _____ 2009L015548
CALENDAR/ROOM S
TIME 00:00
Statutory Action

MICHAEL JORDAN and JUMP 23, INC., Plaintiffs

(Name all parties)

v.

DOMINICK'S FINER FOODS, LLC, Defendant

PLEASE SERVE:

Dominick's Finer Foods, LLC
711 Jorie Boulevard
Suite 1
Oak Brook, IL 60523

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _____ 801 _____, Chicago, Illinois 60602

☐ District 2 - Skokie          ☐ District 3 - Rolling Meadows     ☐ District 4 - Maywood
   5600 Old Orchard Rd.           2121 Euclid                         1500 Maybrook Ave.
   Skokie, IL 60077               Rolling Meadows, IL 60008           Maywood, IL 60153

☐ District 5 - Bridgeview       ☐ District 6 - Markham             ☐ Child Support
   10220 S. 76th Ave.             16501 S. Kedzie Pkwy.               28 North Clark St., Room 200
   Bridgeview, IL 60455          Markham, IL 60426                    Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 90219

Name: Frederick J. Sperling, SCHIFF HARDIN LLP

Atty. for: Plaintiffs

Address: 233 S. Wacker Drive, Suite 6600

City/State/Zip: Chicago, IL 60606

Telephone: (312) 258-5500

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____ DEC 31 2009

_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code)  (Facsimile Telephone Number)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MICHAEL JORDAN and JUMP 23, INC., | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. |
| v. | ) |
| | ) |
| DOMINICK'S FINER FOODS, LLC, | ) |
| | ) |
| | ) |
| Defendant. | ) |

Case No.

2009L015548
CALENDAR/ROOM S
TIME 00:00
Statutory Action

### COMPLAINT

Plaintiffs Michael Jordan and Jump 23, Inc., by their attorneys, for their complaint against Dominick's Finer Foods, LLC, state as follows:

### THE PARTIES

1. Plaintiff Michael Jordan is known throughout the world for his athletic skill and achievements as a professional basketball player and for his unique commercial appeal as an endorser of products and services.

2. Plaintiff Jump 23, Inc. ("Jump 23") is an Illinois corporation and owns the trademark registration for the mark MICHAEL JORDAN.

3. Defendant Dominick's Finer Foods, LLC ("Dominick's") is a Delaware limited liability company with its principal place of business in Oak Brook, Illinois, and conducts business in Cook County, Illinois.

### NATURE OF THE CASE

4. This case arises out of Dominick's unauthorized use of Jordan's identity and trademark in a nationally-distributed advertisement promoting Dominick's in general and its Rancher's Reserve steaks in particular. Jordan and Jump 23 bring these claims for violation

of the right to publicity, trademark infringement, false designation of origin, false endorsement, dilution, deceptive business practices and unfair competition against Dominick's to remedy the damage caused by Dominick's unauthorized advertisement.

### FACTUAL BACKGROUND

5.    Now retired from playing, Jordan is widely regarded as the greatest basketball player in history.  He was named the National Basketball Association's Most Valuable Player five times and was an NBA All-Star fourteen times.  His career scoring average still ranks as the NBA's best of all time.  Jordan led the Chicago Bulls to six NBA championships.  He was also a member of the 1984 and 1992 United States gold medal Olympic basketball teams.  ESPN named Jordan the greatest North American athlete of the 20th century.  He was inducted into the Basketball Hall of Fame in 2009.

6.    Jordan has also had enormous success as an endorser of products and services in which businesses that wish to profit from an association with Jordan contract with him to use aspects of his world famous identity, including his name and persona, in their advertising and marketing materials.  Jordan's persona includes, among other things, his number 23, his image and the colors and clothing associated with his basketball playing career.

7.    By carefully controlling the nature and frequency of his product endorsements – rejecting far more requests to use his name and persona than he grants – Jordan has enhanced and maintained the value of his endorsements.

8.    The majority of Jordan's income, and his income potential, is now derived from his ability to license his name and persona to commercial sponsors who wish to capitalize on his fame.  As a business, the licensing of Jordan's identity is just as important to him now as his professional basketball playing career once was.

-2-

9.     In 2009 the magazine *Sports Illustrated Presents* distributed a commemorative issue entitled *Jordan: Celebrating A Hall of Fame Career.*

10.    On information and belief, the magazine was distributed nationwide.

11.    The magazine included a full page Dominick's advertisement, a copy of which is attached to this Complaint as Exhibit A.

12.    Although the Dominick's advertisement congratulates Jordan on his induction into the Basketball Hall of Fame, it goes beyond that by appropriating Jordan's name and persona and infringing the registered MICHAEL JORDAN trademark in order to promote Dominick's goods and services.

13.    In the advertisement, the name MICHAEL JORDAN and his number 23 are prominently featured at the top and center of the page on what appears to be a red Chicago Bulls jersey, with black numbers and letters outlined in white.

14.    The Dominick's logo, which prominently appears twice in the advertisement, is red, just like the jersey in the advertisement. The numbers on the Dominick's coupon at the bottom of the page are black with a white background, just like the number 23 and the name Michael Jordan depicted on Jordan's jersey in the advertisement.

15.    Below the name and number (and a basketball that appears in the middle of the number 23) is the statement, "YOU ARE A CUT ABOVE." Immediately below the "cut above" statement is a photograph of a cut of steak, labeled as a RANCHER'S RESERVE tender angus steak.

16.    At the bottom of the Dominick's advertisement is a coupon for $2.00 off a RANCHER'S RESERVE steak. RANCHER'S RESERVE is a registered trademark of Dominick's owner, Safeway, Inc.

-3-

17.     Jordan has long been associated with two fine steak restaurants that bear his name, Michael Jordan's The Steakhouse N.Y.C., located in New York City, and Michael Jordan's Steakhouse, located at the Mohegan Sun Casino and Resort in Uncasville, Connecticut.

18.     Jordan is also associated with a website that offers consumers the ability to purchase prime steaks at www.michaeljordansteaks.com.

19.     Dominick's never received Jordan's permission to use his identity or to imply his endorsement in connection with the goods and services offered by Dominick's.

20.     Jordan has never approved the use of his identity or endorsement in connection with grocery store goods and services.

21.     Jordan would never permit Dominick's to use his identity in connection with any of Dominick's goods or services, especially not to sell steaks in direct conflict with his restaurants and website.

22.     On May 19, 1988, Jordan was issued United States Trademark Registration Number 1,487,719 for the mark MICHAEL JORDAN for use in connection with "promoting the goods and/or services or others through the issuance of product endorsements." The trademark registration, now owned by Jordan's company Jump 23, Inc. ("Jump 23") and used by Jordan pursuant to a license, has been in continuous use since 1984 and is incontestable. A copy of the trademark registration with current status documents for MICHAEL JORDAN is attached to this Complaint as Exhibit B.

23.     On March 12, 2002, Jump Higher, L.L.C., a company affiliated with Mr. Jordan, was issued United States Trademark Registration Number 2,547,960 for the mark 23 in connection with "bar, restaurant and catering services." The trademark registration, now

owned by Jump 23 and used by Mr. Jordan, has been used continuously since at least 1999 and is incontestable. A copy of the trademark registration with current status documents for 23 is attached to this Complaint as Exhibit C.

24. Jump 23 is also the owner of two trademark registrations (U.S. Reg. Nos. 3,627,002 and 3,627,003) for the trademarks MICHAEL JORDAN 23 SPORTCAFE and MICHAEL JORDAN 23 SPORTCAFE and Design. Both trademarks are registered for use in connection with "restaurant, bar and catering services."

25. The MICHAEL JORDAN and 23 trademarks are, and at all relevant times were, strong, famous and distinctive marks. Jordan and Jump 23 have used the marks in interstate commerce throughout the United States for many years to promote a wide variety of goods and services.

26. Because of the public's widespread knowledge of and admiration for Jordan, goods and services associated with the MICHAEL JORDAN and 23 marks have come to be well and favorably known and have benefitted greatly from their association with the mark.

27. Apart from the value of the MICHAEL JORDAN and 23 marks, Jordan's name and persona have developed enormous commercial value and secondary meaning in promoting products as a result of the public's widespread knowledge and admiration of him.

28. Jordan and Jump 23 have been damaged by Dominick's, whose unauthorized advertisement infringes the MICHAEL JORDAN trademark, infringes Jordan's right of publicity and falsely implies Jordan's endorsement of Dominick's goods and services. The advertisement, which equates Jordan with a cut of beef and includes a coupon for a discount off a Dominick's branded steak, damages Jordan and Jump 23 by diminishing the value of the MICHAEL JORDAN trademark and reducing Jordan's endorsement value.

## COUNT I

### (JORDAN'S CLAIM FOR VIOLATION OF THE ILLINOIS RIGHT
### OF PUBLICITY ACT)

29.     Jordan realleges and incorporates by reference paragraphs 1 through 28 of this Complaint.

30.     Dominick's unauthorized use of Jordan's identity for commercial purposes is a violation of the Illinois Right of Publicity Act, 765 ILCS 1075/1-60.

31.     Dominick's use of Jordan's identity was unauthorized because Dominick's did not obtain Jordan's consent to use of his identity in connection with the advertisement. In fact, Dominick's did not even request Jordan's consent.

32.     Dominick's use of Jordan's identity was willful because it used Jordan's identity intentionally and with knowledge that its use was not authorized.

33.     Jordan has been damaged by Dominick's unauthorized use of his identity.

WHEREFORE, Jordan requests that relief be granted in his favor and against Dominick's for (a) damages sustained by Jordan, including Dominick's profits, in an amount greater than $5,000,000, (b) punitive damages, (c) attorneys' fees and costs, (d) a permanent injunction requiring Dominick's to refrain from any use of Jordan's identity without prior authorization from Jordan, (e) an order requiring Dominick's to place corrective advertising in future issues of *Sports Illustrated* magazine and (f) such other and further relief as the Court deems just and proper.

## COUNT II

### (JUMP 23'S CLAIMS FOR INFRINGEMENT OF THE
### TRADEMARK MICHAEL JORDAN)

34.     Jump 23 realleges and incorporates by reference paragraphs 1 through 28 of this Complaint.

35.     Dominick's unauthorized use of the MICHAEL JORDAN trademark in interstate commerce in connection with the sale, offering for sale, distribution and advertising of its goods and services was and is likely to cause confusion, mistake or deception in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

36.     Jump 23 has been damaged by these acts.

37.     This case is an exceptional case pursuant to 15 U.S.C. § 1117.

WHEREFORE, Jump 23 requests that relief be granted in its favor and against Dominick's for (a) damages sustained by Jump 23, including Dominick's profits, in an amount greater than $5,000,000, such damages to be trebled pursuant to 15 U.S.C. § 1117, (b) attorneys' fees and costs, (c) a permanent injunction requiring Dominick's to refrain from any use of MICHAEL JORDAN or any confusingly similar trademark absent prior authorization from Jump 23, (d) an order requiring Dominick's to place corrective advertising in future issues of *Sports Illustrated* magazine and (e) such other and further relief as the Court deems just and proper.

## COUNT III

### (JORDAN'S AND JUMP 23'S CLAIMS FOR VIOLATION OF SECTION 43(a) OF THE LANHAM ACT — FALSE DESIGNATION OF ORIGIN)

38.     Jordan and Jump 23 reallege and incorporate by reference paragraphs 1 through 28 of this Complaint.

39.     Dominick's unauthorized use in interstate commerce of the mark MICHAEL JORDAN and Jordan's identity in connection with the advertisement of its goods and services is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Dominick's with Jordan or Jump 23 or as to the origin, sponsorship or approval of Dominick's goods and services by Jordan or Jump 23.

40.     Jordan and Jump 23 have been damaged by these acts, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41.     This case is an exceptional case pursuant to 15 U.S.C. § 1117.

WHEREFORE, Jordan and Jump 23 request that relief be granted in their favor and against Dominick's for (a) damages sustained by Jordan and Jump 23, including Dominick's profits, in an amount greater than $5,000,000, such damages to be trebled pursuant to 15 U.S.C. § 1117, (b) attorneys' fees and costs, (c) a permanent injunction requiring Dominick's to refrain from any use of MICHAEL JORDAN or any confusingly similar trademark without prior authorization from Jordan or Jump 23, (d) an order requiring Dominick's to place corrective advertising in future issues of *Sports Illustrated* magazine and (e) such other and further relief as the Court deems just and proper.

### COUNT IV

**(JORDAN'S CLAIM FOR VIOLATION OF SECTION 43(a) OF
THE LANHAM ACT — FALSE ENDORSEMENT)**

42.     Jordan realleges and incorporates by reference paragraphs 1 through 28 of this Complaint.

43.     Dominick's unauthorized use of Jordan's identity, including his name and persona, in its advertisement was a false or misleading representation of fact that falsely implies Jordan's endorsement of Dominick's goods and services.

44.     Dominick's unauthorized use of Jordan's identity

        (a)     is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Dominick's with Jordan or as to the origin, sponsorship or approval of Dominick's goods and services by Jordan in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); or

-8-

(b) misrepresents the nature, characteristics, or qualities of Dominick's goods, services, or commercial activities in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

45. Jordan has been damaged by these acts.

46. This case is an exceptional case pursuant to 15 U.S.C. § 1117.

WHEREFORE, Jordan requests that relief be granted in his favor and against Dominick's for (a) damages sustained by Jordan, including Dominick's profits, in an amount greater than $5,000,000, such damages to be trebled pursuant to 15 U.S.C. § 1117, (b) attorneys' fees and costs, (c) a permanent injunction requiring Dominick's to refrain from any use of Jordan's identity without prior authorization from Jordan, (d) an order requiring Dominick's to place corrective advertising in future issues of *Sports Illustrated* magazine and (e) such other and further relief as the Court deems just and proper.

## COUNT V

### (JORDAN'S AND JUMP 23'S CLAIMS FOR VIOLATION OF SECTION 43(c) OF THE LANHAM ACT — DILUTION)

47. Jordan and Jump 23 reallege and incorporate by reference paragraphs 1 through 28 of this Complaint.

48. The MICHAEL JORDAN mark is a famous mark within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

49. Dominick's unauthorized use of the mark MICHAEL JORDAN in connection with the advertisement of its goods and services has caused or is likely to cause dilution by the blurring or tarnishment of the mark MICHAEL JORDAN.

50. Dominick's willfully intended to trade on the recognition of the famous MICHAEL JORDAN mark.

-9-

51.     Jordan and Jump 23 have been damaged by these acts.

52.     This case is an exceptional case pursuant to 15 U.S.C. § 1117.

WHEREFORE, Jordan and Jump 23 request that relief be granted in their favor and against Dominick's for (a) damages sustained by Jordan and Jump 23, including Dominick's profits, in an amount greater than $5,000,000, such damages to be trebled pursuant to 15 U.S.C. § 1117, (b) attorneys' fees and costs, (c) a permanent injunction requiring Dominick's to refrain from any use of MICHAEL JORDAN or any confusingly similar trademark without prior authorization from Jordan or Jump 23, (d) an order requiring Dominick's to place corrective advertising in future issues of *Sports Illustrated* magazine and (e) such other and further relief as the Court deems just and proper.

### COUNT VI

### (JORDAN'S AND JUMP 23'S CLAIMS FOR VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE TRADE PRACTICES ACT)

53.     Jordan and Jump 23 reallege and incorporate by reference paragraphs 1 through 28 of this Complaint.

54.     Dominick's acts constitute unfair methods of competition and unfair or deceptive acts or practices in violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/2 et seq., in that those acts created a likelihood of confusion or misunderstanding as to Jordan's or Jump 23's sponsorship or approval of Dominick's goods or services, or created a likelihood of confusion as to Dominick's affiliation, connection or association with Jordan or Jump 23.

55.     Dominick's conduct in violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act was willful and outrageous, perpetrated by evil motive or with reckless indifference to the rights of others.

56.     Jordan and Jump 23 have been damaged by these acts.

WHEREFORE, Jordan and Jump 23 request that relief be granted in their favor and against Dominick's for (a) damages sustained by Jordan and Jump 23 in an amount greater than $5,000,000, (b) punitive damages, (c) attorneys' fees and costs, (d) a permanent injunction requiring Dominick's to refrain from any use of MICHAEL JORDAN or any confusingly similar trademark without prior authorization from Jordan or Jump 23, (e) an order requiring Dominick's to place corrective advertising in future issues of *Sports Illustrated* magazine and (f) such other and further relief as the Court deems just and proper.

## COUNT VII

### (JORDAN'S AND JUMP 23'S CLAIMS FOR COMMON LAW UNFAIR COMPETITION)

57.     Jordan and Jump 23 reallege and reincorporate by reference paragraphs 1 through 28 of this Complaint.

58.     Dominick's acts constitute unfair competition under the common law of the State of Illinois.

59.     Dominick's acts were willful and damaged Jordan and Jump 23.

WHEREFORE, Jordan and Jump 23 request that relief be granted in their favor and against Dominick's for (a) damages sustained by Jordan and Jump 23 in an amount greater than $5,000,000, (b) punitive damages, (c) attorneys' fees and costs, (d) a permanent injunction requiring Dominick's to refrain from any use of MICHAEL JORDAN or any confusingly similar trademark without prior authorization from Jordan, (e) an order requiring Dominick's to place corrective advertising in future issues of *Sports Illustrated* magazine and (f) such other and further relief as the Court deems just and proper.

-11-

## **JURY DEMAND**

Jordan and Jump 23 hereby demand a trial by jury.


Dated:  December 21, 2009                    SCHIFF HARDIN LLP


By:     _____
        Frederick J. Sperling
        Sondra A. Hemeryck
        Clay A. Tillack

        233 South Wacker Drive, Suite 6600
        Chicago, Illinois 60606
        (312) 258-5500
        Attorney No. 90219

        Attorneys for Plaintiffs
        Michael Jordan and Jump 23, Inc.



*Congratulations,*

# MICHAEL JORDAN

## 23

## YOU ARE A CUT ABOVE

Dominick's COUPON     Exp 11/30/09

# $2.00 off

**RANCHER'S RESERVE® STEAK**

WITH CARD AND COUPON
Without Coupon $2.99lb

Limit one coupon per customer. Minimum $25 purchase.
Valid 10/30/09 thru 11/30/09 at your nearest Dominick's
store. COUPON CANNOT BE DOUBLED.

0   00000 18664   3





**Exhibit A**

Int. Cls.: 35, 41 and 42

Prior U.S. Cls.: 100, 101 and 107

## United States Patent and Trademark Office

Reg. No. 1,487,719
Registered May 10, 1988

## SERVICE MARK
### PRINCIPAL REGISTER

## MICHAEL JORDAN

JORDAN, MICHAEL (UNITED STATES CITI-
ZEN)
2559 ESSEX ROAD
NORTH BROOK, IL 60062

FOR: PROMOTING THE GOODS AND/OR
SERVICES OF OTHERS THROUGH THE ISSU-
ANCE OF PRODUCT ENDORSEMENTS, IN
CLASS 35 (U.S. CL. 101).
FIRST USE 9–1–1984; IN COMMERCE
9–1–1984.
FOR: CONDUCTING SPORTS CLINICS AND
SPORTS CAMPS FOR OTHERS; ENTERTAIN-
MENT SERVICES - NAMELY, STAGING
ACTING PERFORMANCES FOR OTHERS;

EDUCATIONAL SERVICES IN THE NATURE
OF LECTURES, IN CLASS 41 (U.S. CL. 107).
FIRST USE 9–1–1984; IN COMMERCE
9–1–1984.
FOR: COUNSELING SERVICES IN THE
FIELDS OF CONTROLLED SUBSTANCE
ABUSE AND ALCOHOL ABUSE; CAREER
AND STAY-IN SCHOOL COUNSELING SERV-
ICES, IN CLASS 42 (U.S. CL. 100).
FIRST USE 9–1–1984; IN COMMERCE
9–1–1984.

SER. NO. 607,729, FILED 7–3–1986.

RUSS HERMAN, EXAMINING ATTORNEY

Exhibit B

UNITED STATES AND TRADEMARK OFFICE

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451
www.uspto.gov

REGISTRATION NO: 1487719    SERIAL NO: 73/607729    MAILING DATE: 09/10/2008
REGISTRATION DATE: 05/10/1988
MARK: MICHAEL JORDAN
REGISTRATION OWNER: JUMP 23, INC.

CORRESPONDENCE ADDRESS:

Clay A. Tillack
Schiff Hardin LLP
P.O. Box 06079
Chicago IL 60606-0079

# NOTICE OF ACCEPTANCE

15 U.S.C. Sec. 1058(a)(3)

THE AFFIDAVIT FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 8 OF
THE TRADEMARK ACT, 15 U.S.C. Sec. 1058. ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.

**********************************************

THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):
041, 035.

CONLEY, JOYCE MARIE
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
571-272-9500

PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION

ORIGINAL

REQUIREMENTS FOR MAINTAINING A FEDERAL TRADEMARK REGISTRATIONI) **SECTION 8: AFFIDAVIT
OF CONTINUED USE** The registration shall remain in force for 10 years, except that the registration
shall be canceled for failure to file an Affidavit of Continued Use under Section 8 of the Trademark Act,
15 U.S.C. Sec. 1058, at the end of each successive 10-year period following the date of registration.
**Failure to file the Section 8 Affidavit will result in the cancellation of the registration.**
II) **SECTION 9: APPLICATION FOR RENEWAL** The registration shall remain in force for 10 years,
subject to the provisions of Section 8, except that the registration shall expire for failure to file an

Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. Sec. 1059, at the end of each successive 10-year period following the date of registration. **Failure to file the Application for Renewal will result in the expiration of the registration.**

**NO FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS WILL BE SENT TO THE REGISTRANT BY THE PATENT AND TRADEMARK OFFICE. IT IS RECOMMENDED THAT THE REGISTRANT CONTACT THE PATENT AND TRADEMARK OFFICE APPROXIMATELY ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.**

Document Description: **Notice Of Renewal**
Mail / Create Date: **10-Sep-2008**



 **UNITED STATES PATENT AND TRADEMARK OFFICE**

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451
www.uspto.gov

REGISTRATION NO: 1487719    SERIAL NO: 73/607729    MAILING DATE: 09/10/2008
REGISTRATION DATE: 05/10/1988
MARK: MICHAEL JORDAN
REGISTRATION OWNER: JUMP 23, INC.

CORRESPONDENCE ADDRESS:

Clay A. Tillack
Schiff Hardin LLP
P.O. Box 06079
Chicago IL 60606-0079

# NOTICE OF RENEWAL
### 15 U.S.C. Sec. 1059(a)

THE RENEWAL APPLICATION FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS
OF SECTION 9 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1059.

ACCORDINGLY, THE REGISTRATION IS RENEWED.

..............................................

THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):
041, 035.

CONLEY, JOYCE MARIE
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
571-272-9500

PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION

ORIGINAL

**REQUIREMENTS FOR MAINTAINING A FEDERAL TRADEMARK REGISTRATION**

**I) SECTION 8: AFFIDAVIT OF CONTINUED USE**

The registration shall remain in force for 10 years, except that the registration shall be canceled for failure to file an Affidavit of Continued Use under Section 8 of the Trademark Act, 15 U.S.C. Sec. 1058, at the end of each successive 10-year period following the date of registration.

**Failure to file the Section 8 Affidavit will result in the cancellation of the registration.**

**II) SECTION 9: APPLICATION FOR RENEWAL**

The registration shall remain in force for 10 years, subject to the provisions of Section 8, except that the registration shall expire for failure to file an Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. Sec. 1059, at the end of each successive 10-year period following the date of registration.

**Failure to file the Application for Renewal will result in the expiration of the registration.**

**NO FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS WILL BE SENT TO THE REGISTRANT BY THE PATENT AND TRADEMARK OFFICE. IT IS RECOMMENDED THAT THE REGISTRANT CONTACT THE PATENT AND TRADEMARK OFFICE APPROXIMATELY ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.**

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer]
FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- *General trademark information: Please e-mail TrademarkAssistanceCenter@uspto.gov, or telephone either 571-272-9250 or 1-800-786-9199.*
- *Technical help: For instructions on how to use TDR, or help in resolving technical glitches, please e-mail TDR@uspto.gov. If outside of the normal business hours of the USPTO, please e-mail Electronic Business Support, or call 1-800-786-9199.*
- *Questions about USPTO programs: Please e-mail USPTO Contact Center (UCC).*

*NOTE: Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

Reg. No. 2,547,960

United States Patent and Trademark Office

Registered Mar. 12, 2002

## SERVICE MARK
## PRINCIPAL REGISTER

## 23

JUMP HIGHER, L.L.C. (DELAWARE LIMITED LIABILITY COMPANY)
1393 W. LAKE ST., SUITE 3
CHICAGO, IL 60607

FOR: BAR, RESTAURANT AND CATERING SERVICES, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 10-21-1999; IN COMMERCE 10-21-1999.

SN 75-780,614, FILED 8-18-1999.

JOHN HWANG, EXAMINING ATTORNEY

Exhibit C

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA  22313-1451
www.uspto.gov

REGISTRATION NO: 2547960    SERIAL NO: 75/780614    MAILING DATE:  03/20/2008
REGISTRATION DATE: 03/12/2002
MARK:  23
REGISTRATION OWNER:  JUMP 23, INC.

CORRESPONDENCE ADDRESS:

Clay A. Tillack
SCHIFF HARDIN LLP
P.O. Box 06079
CHICAGO IL 60606-0079

# NOTICE OF ACCEPTANCE
15 U.S.C. Sec. 1058(a)(1)

THE COMBINED AFFIDAVIT FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF
SECTION 8 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.

**************************************************

# NOTICE OF ACKNOWLEDGEMENT
15 U.S.C. Sec. 1065

THE AFFIDAVIT FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 15 OF
THE TRADEMARK ACT, 15 U.S.C. Sec. 1065.ACCORDINGLY, THE SECTION 15 AFFIDAVIT IS ACKNOWLEDGED.

**************************************************

THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):
042.

HENSON, EVERETT J
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
571-272-9500

PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION
ORIGINAL

REQUIREMENTS FOR MAINTAINING A FEDERAL TRADEMARK REGISTRATION I) SECTION 8: AFFIDAVIT
OF CONTINUED USE The registration shall remain in force for 10 years, except that the registration
shall be canceled for failure to file an Affidavit of Continued Use under Section 8 of the Trademark Act,
15 U.S.C. Sec. 1058, at the end of each successive 10-year period following the date of registration.
Failure to file the Section 8 Affidavit will result in the cancellation of the registration.
II) SECTION 9: APPLICATION FOR RENEWAL The registration shall remain in force for 10 years,

subject to the provisions of Section 8, except that the registration shall expire for failure to file an Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. Sec. 1059, at the end of each successive 10-year period following the date of registration. **Failure to file the Application for Renewal will result in the expiration of the registration.**

**NO FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS WILL BE SENT TO THE REGISTRANT BY THE PATENT AND TRADEMARK OFFICE. IT IS RECOMMENDED THAT THE REGISTRANT CONTACT THE PATENT AND TRADEMARK OFFICE APPROXIMATELY ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.**