**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL JORDAN and JUMP 23, INC., ) | |
| ) | |
| ) | Case No.: 10-cv-00407 |
| Plaintiffs, ) | |
| ) | Judge Milton I. Shadur |
| v. ) | |
| ) | Magistrate Judge Maria Valdez |
| DOMINICK'S FINER FOODS, LLC and ) | |
| SAFEWAY INC., ) | |
| Defendants. ) | |

**PLAINTIFF MICHAEL JORDAN'S MEMORANDUM
IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

Plaintiff Michael Jordan, by his attorneys, submits this memorandum in support of his

motion for summary judgment on Count I (Violation of the Illinois Right of Publicity Act). As

set forth below, the undisputed facts establish that Defendants Dominick's Finer Foods, LLC and

Safeway Inc. used Jordan's identity without his consent and for a commercial purpose in

violation of the Illinois Right of Publicity Act, 765 ILCS 1075/1-60 (the "Publicity Act").

Summary judgment should therefore be granted in favor of Jordan on Count I.

**INTRODUCTION**

In 2009, the magazine *Sports Illustrated Presents* distributed a commemorative issue

entitled *Jordan: Celebrating a Hall of Fame Career.* Included in that issue was an advertisement

for Dominick's authorized and created by Defendants. Although the Dominick's advertisement

congratulates Jordan on his induction into the Basketball Hall of Fame, it goes well beyond that

by appropriating Jordan's name and persona in connection with the promotion of Defendants'

RANCHER'S RESERVE steaks. Defendants admit they never received Jordan's permission in

connection with the ad.

In order to prevail on his claim under the Illinois Publicity Act, Jordan needs to show only that his identity was used for a commercial purpose without his previous written consent. He clearly has done so. Defendants admit that they did not seek or obtain Jordan's permission to use any aspects of his persona, including his name, the number 23 or the colors associated with this basketball career, in the ad. The ad, which includes a prominent and vividly illustrated coupon, unquestionably advertises and promotes Dominick's Defendants' RANCHER'S RESERVE steaks. Summary judgment should be awarded to Jordan on Count I.

## ARGUMENT

### I.     The Standard For Granting Of Summary Judgment.

"Rule 56 requires that [the Court] rule in favor of the moving party—here [Plaintiff]—if 'there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law.'" *RTC v. Juergens*, 965 F.2d 149, 151 (7th Cir. 1992) (Shadur, J., sitting by designation) (quoting Fed. R. Civ. P. 56(a)). The party opposing summary judgment must counter with evidentiary submissions and may not merely rely on the pleadings. *Id.* at 153. The court "is called on to draw all reasonable inferences, not every conceivable inference in the light most favorable to [the] nonmovant." *Id.* at 151 (internal quotation marks omitted). The non-moving party "must produce more than a mere scintilla of evidence to support the position that a genuine issue of material fact exists and must come forward with specific facts demonstrating that there is a genuine issue for trial." *Hansen v. Crown Golf Properties L.P.*, 826 F. Supp. 2d 1118, 1119 (N.D. Ill. 2011) (Shadur, J.) (internal quotation marks omitted).

### II.     Defendants Violated The Illinois Right Of Publicity Act.

Under the Illinois Right of Publicity Act, "[a] person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent." 765 ILCS § 1075/30(a) (2012). The Seventh Circuit has explained that the

purpose of the Right of Publicity Act is to allow a person to control the commercial value of his or her identity. *Toney v. L'Oreal USA, Inc.*, 406 F.3d 905, 910 (7th Cir. 2005).

### A. Defendants Used Jordan's Identity.

The Right of Publicity Act defines identity as "any attribute of an individual that serves to identify that individual to an ordinary, reasonable viewer or listener, including but not limited to (i) name, (ii) signature, (iii) photograph, (iv) image, (v) likeness, or (vi) voice." 765 ILCS § 1075/5. *See Bi-Rite Enters. Inc. v. Button Master*, 555 F. Supp. 1188, 1199 (S.D.N.Y. 1983) (applying Illinois law and defining the "persona" protected by the right of publicity as "the public image that makes people want to identify with the object person, and thereby imbues his name or likeness with commercial value marketable to those that seek such identification").

Jordan's identity includes, among other things, his name and persona – i.e., his number 23, his image and the colors and clothing associated with his basketball playing career. SOF[1] ¶ 8.

There is no dispute that Defendants used Jordan's identity in their ad, which is reproduced here[2]:

---

[1] "SOF" refers to Plaintiff's Statement of Undisputed Facts.

[2] SOF ¶ 6; SOF Ex. A.

-4-



Defendants have admitted they used the elements of Jordan's identity in the ad, including the name MICHAEL JORDAN and his number 23. SOF ¶ 9. The name MICHAEL JORDAN and his number 23 (both trademarks registered to Jordan or his affiliated companies[3]) are prominently featured at the top and center of the page on what appears to be a red Chicago Bulls jersey, with black numbers and letters outlined in white. *Id.* The Dominick's logo, which is highlighted twice in the advertisement, is also red. *Id.* ¶ 10. A coupon for $2.00 off a RANCHER'S RESERVE steak at Dominick's is located at the bottom of the advertisement. *Id.* ¶ 11. The numbers on the Dominick's coupon are black with a white background, just like the number 23 and the name Michael Jordan depicted on Jordan's jersey in the ad. *Id.* ¶ 12. Below the name and number (and a basketball that appears in the middle of the number 23) is the statement, "YOU ARE A CUT ABOVE." *Id.* ¶ 13. Immediately below the "cut above" statement is a photograph of a cut of steak, labeled as a "RANCHER'S RESERVE tender angus steak." *Id.*

Thus, the undisputed material facts demonstrate that Defendants used Jordan's identity in their ad.

**B.      Defendants Did Not Obtain Jordan's Consent.**

Defendants have admitted "that they did not receive Jordan's permission" in connection with the ad and "did not request or obtain consent" from Jordan. SOF ¶¶ 15-16.

**C.      Defendants' Unauthorized Use of Jordan's Identity Was For A Commercial Purpose As Defined By The Act.**

The Publicity Act requires a "commercial purpose" for the use of the identity and defines it, in relevant part, as "the public use or holding out of an individual's identity . . . on or in connection with the offering for sale or sale of a product, merchandise, goods, or services [or] for

---

[3] SOF ¶¶ 17-18.

purposes of advertising or promoting products, merchandise, goods, or services." 765 ILCS § 1075/5. *See e.g., Toney*, 406 F.3d at 910 (describing packaging and promotional materials featuring plaintiff's picture as "[c]learly us[ing] [plaintiff's] likeness without her consent for their commercial advantage").

There is no question Defendants used Jordan's identity in connection with the advertising and promotion of a product. The ad includes a $2.00 off coupon for Defendants' steak product, advertised and promoted using Defendants' registered trademark, RANCHER'S RESERVE. SOF ¶¶ 6, 11, 14; SOF Ex. A. In addition, the ad prominently features the Dominick's trademark, which is registered for numerous goods and services, including "grocery supermarket services" and "meats." SOF ¶¶ 19-20.

Christy Duncan Anderson, the director of advertising for Safeway, approved both placement of the ad in the *Sports Illustrated Presents* commemorative edition and inclusion of the steak coupon in the ad. SOF ¶ 21. She conceded that the ad promotes Dominick's and its Rancher's Reserve steaks. *Id.* ¶ 22. And she admitted that she was pressed to run the ad by Dominick's: "I asked [the Marketing Advertising Coordinator] if this was something she thought we should do. She answered yes, they – the division really, really, really, I think there were at least three reallys, wants to do it. I told her I don't think this is a good spend of our time. She said but the division really, really, really wants to do that." *Id.* ¶ 23.

Thus, the undisputed facts demonstrate that the ad uses Jordan's identity in connection with the advertising and promotion of Defendants' RANCHER'S RESERVE steaks. The ad therefore uses Jordan's identity for a commercial purpose as defined by the Publicity Act.

<u>**CONCLUSION**</u>

Defendants used Jordan's identity without his consent in connection with the promotion and advertising of Defendants' RANCHER'S RESERVE steaks. They are therefore liable for

violation of the Illinois Right of Publicity Act. Accordingly, Jordan requests that this Court

grant him summary judgment on Count I (Violation of the Illinois Right of Publicity Act).


Dated: September 20, 2012                     /s/ Frederick J. Sperling
                                                   Frederick J. Sperling
                                                   Sondra A. Hemeryck
                                                   Clay A. Tillack

                                                   SCHIFF HARDIN LLP
                                                   233 South Wacker Drive, Suite 6600
                                                   Chicago, Illinois 60606
                                                   (312) 258-5500

                                                   Attorneys for Plaintiffs
                                                   Michael Jordan and Jump 23, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2012 I electronically filed the foregoing Plaintiff Michael Jordan's Memorandum in Support of His Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system, which will cause an electronic copy to be served on counsel of record.

/s/ Clay A. Tillack