**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL JORDAN and JUMP 23, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 10-cv-00407 |
| | ) | |
| DOMINICK'S FINER FOODS, LLC and | ) | District Judge Sara L. Ellis |
| SAFEWAY INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO DISQUALIFY

Defendants Dominick's Finer Foods, LLC and Safeway, Inc. ("Defendants"), by their attorneys, respectfully request this Court disqualify itself pursuant to 28 U.S.C. § 455(b)(2). In support of this motion, Defendants state as follows:

1. Plaintiffs originally filed this matter in the Circuit Court of Cook County on December 21, 2009. (Dkt. 1-2.)

2. Defendants removed the matter to this Court on January 20, 2010. (Dkt. 1.) The case was thereafter assigned to the Honorable Milton I. Shadur.

3. On June 17, 2014, Judge Shadur withdrew from the case pursuant to 28 U.S.C. § 294(b). (Dkt. 267.)

4. That same day, the case was reassigned to the Honorable Sara L. Ellis. (Dkt. 269.)

5. Defendants understand the Court practiced in the litigation department at Schiff Hardin in Chicago from 2008 until October 2013, at which time the Court was appointed to the federal bench.

6.      Lawyers from the Schiff Hardin firm – specifically Fred Sperling, Clay Tillack and Sondra Hemeryck – have represented Plaintiffs throughout the litigation, filing appearances in this matter on January 22, 2010.  (Dkt. 10-12.)

7.      Accordingly, the Court practiced law with Plaintiff's lawyers from the time the original Cook County case was filed until the Court left Schiff Hardin to join the federal bench in 2013.

8.      28 U.S.C. § 455(b)(2) requires disqualification any time a judge, when in private practice, "served as a lawyer in the matter in controversy, *or a lawyer with whom [s]he previously practiced law served during such association as a lawyer concerning the matter*." 28 U.S.C. § 455(b)(2)  (emphasis added).

9.      Disqualification under § 455(b)(2) is not discretionary.  *See, e.g.*, *Preston v. United States*, 923 F.2d 731, (9th Cir. 1990) (vacating judgment after trial and holding that disqualification under § 455(b)(2) was mandatory when, immediately before joining the federal bench, district judge was "of counsel" to the law firm which worked on the matter before the court during the judge's tenure at the firm); *In re Rodgers*, 537 F.2d 1196, 1198 (4th Cir. 1976) (noting the legislative history underscores that disqualification under § 455(b)(2) is mandatory and holding that judge was required to recuse himself when his former law partner represented client who was involved in real estate purchase that was the subject of defendants' criminal charges); *Oriental Fin. Group, Inc. v. Fed. Ins. Co.*, 450 F. Supp. 2d 169, (D.P.R. 2006) (finding that disqualification was required under § 455(b)(2) when, prior to joining the bench, the Court worked as special counsel in the litigation division of plaintiff's law firm while the case was active because even if the Court was not directly involved in the representation, the Court "had access to most, if not all, areas of the litigation division"); *see also Blue Cross & Blue Shield of R.I. v. Delta Dental*, 248 F. Supp. 2d 39, 46 (D. R.I. 2003) ("If the judge, while in practice, or an attorney with whom he or she was associated in practice, served as a lawyer in the matter in

2

controversy… the judge is required to recuse himself or herself regardless of whether the judge is actually biased or whether there is a reasonable perception of impartiality.").

10.    Because the Court practiced law with the Schiff Hardin attorneys representing Plaintiffs while this matter was pending in this tribunal (and in the Circuit Court of Cook County), § 455(b)(2) requires this Court to disqualify itself from the case.

WHEREFORE, Defendants Dominick's Finer Foods, LLC and Safeway Inc. respectfully request this Court to: (1) disqualify itself from this case pursuant to 28 U.S.C. § 455(b)(2) and (2) send the case back to the Executive Committee for reassignment.

DATED: June 19, 2014                              Respectfully submitted,

                                                  DEFENDANTS DOMINICK'S FINER
                                                  FOODS, LLC AND SAFEWAY INC.

                                                   /s/ Stephen J. Rosenfeld
                                                  Steven P. Mandell, ARDC No. 6183729
                                                  Stephen J. Rosenfeld, ARDC No. 6216769
                                                  MANDELL MENKES LLC
                                                  One North Franklin, Suite 3600
                                                  Chicago, Illinois 60606
                                                  Telephone: (312) 251-1000
                                                  Facsimile: (312) 251-1010

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, caused to the foregoing document to be served on June 19, 2014 by electronically filing the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

The following parties were served via CM/ECF:

> Frederick J. Sperling
> Clay A. Tillack
> Sondra A. Hemeryck
> SCHIFF HARDIN LLP
> 233 South Wacker Drive, Suite 6600
> Chicago, Illinois 60606
> fsperling@schiffhardin.com
> ctillark@schiffhardin.com
> shemeryck@schiffhardin.com


> /s/ Stephen J. Rosenfeld

4