UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Michael Jordan, *et al.*, | |
| Plaintiffs, | Case No. 10 C 407 |
| v. | |
| Dominick's Finer Foods, *et al.*, | Judge John Robert Blakey |
| Defendants. | |

## ORDER

This matter comes before the Court on the parties' Proposed Pretrial Order [204], Defendants' motion to use a special jury questionnaire [315], Defendants' motion to compel production of the unredacted Nike contract [321], Defendants' addendum to the Proposed Pretrial Order [324], the parties' proposed jury instructions [325], the parties' positions concerning the public disclosure of the terms of Plaintiff's agreements [326], the Intervenors' motion for a protective order [328], and upon argument presented at the Pretrial Conference held on August 3, 2015. For the reasons announced on the record during the Conference and for the additional reasons provided in this Order, the Court rules as set forth below.

### I. Case Statement

In light of the inability of the parties to agree on a case statement, the Court will give the following case statement – based primarily off of attachment (b) to the Proposed Pretrial Order [204]: "Plaintiff Michael Jordan brings this lawsuit against Defendants Dominick's Finer Foods, LLC and Safeway Inc. for the unauthorized use of Mr. Jordan's identity in a full page ad in a 2009 *Sports Illustrated Presents Jordan: Celebrating a Hall of Fame Career* commemorative magazine. This Court has already determined that Defendants are liable under the Illinois Right of Publicity Act for using Mr. Jordan's identity without his consent. The only remaining issue is to determine what damages, if any, shall be provided to Plaintiff." This case statement will be given during jury selection.

### II. Stipulations

Any stipulated facts agreed to by the parties shall be entered during trial via the procedure outlined at the Pretrial Conference.

### III. Witness List

The witness lists presented by the parties in attachment (d) to the Proposed Pretrial Order [204] are accepted without objection. The parties shall file an updated witness list on or before 8/5/15. That list shall include all witness that will or may testify at trial in any manner, including via live testimony or deposition testimony.

### IV. Exhibits

The parties' objections to each other's exhibit list are taken under advisement. The Court will rule on the admissibility of exhibits as they are introduced into evidence at trial. At trial, the parties must authenticate and lay a foundation for all exhibits unless the opposing party agrees to allow entry of that exhibit into evidence without laying a foundation or proving authenticity.

### V. Deposition Designations

The parties' objections to deposition designations set out in the Proposed Pretrial Order [204] are taken under advisement. All objections regarding deposition designations will be resolved as they come up at trial.

### VI. Opening Statements

The parties shall each have thirty minutes for their opening statement. The parties are reminded that the opening statements must be supported in good faith by evidence that the parties expect will come out at trial. The Court will resolve any issues regarding improper opening statements via objection at trial. As explained at the Pretrial Conference, the Defendants may use exhibit DEX 1 (DOM130-132) as part of their opening statement.

### VII. Plaintiff's Planned Use of any Monetary Recovery

Plaintiffs may not introduce evidence or argument regarding what Plaintiff intends to do with any monetary recovery he receives in this matter. If the Plaintiffs believe that, based on Defendants' arguments or evidence at trial, they possess a proper basis to introduce this evidence, they must first raise the issue at side bar or outside the presence of the jury.

### VIII. Plaintiff's Proposed Trial Accommodations

Plaintiff's request for certain trial security accommodations is taken under advisement.

## IX. Jury Selection Questions

Questioning at jury selection will proceed as set forth at the Pretrial Conference. As explained, each party will receive thirty minutes to question each panel of jurors. The jury that sits for this case will consist of twelve jurors and two alternates. Defendants' motion to use a special jury questionnaire [315] is denied.

## X. Jury Instructions and Verdict Forms

The parties' proposed Jury Instructions and Verdict Form [325] are taken under advisement. In addition to its usual pretrial jury instructions, the Court will give the parties' Agreed Instructions Nos. 1 and 4, with some minor modifications as noted during the Pretrial Conference. All other issues regarding jury instructions will be addressed at the charge conference during trial. If the parties wish to file any additional briefing regarding jury instructions, they must do so on or before 8/10/15. After that time, the parties may file additional proposed instructions if needed, but no further briefing will be permitted absent leave of court.

## XI. Preemptory Challenges

At jury selection, the Plaintiffs will be allowed five preemptory challenges and the Defendants will be allowed five preemptory challenges. The challenges shall be exercised as explained at the Pretrial Conference.

## XII. Defendants' Motion to Compel Unredacted Nike Contract [321]

Defendants' motion to compel production of the unredacted Nike contract [321] is taken under advisement. Either the Plaintiffs or Intervenor Nike shall file redacted and unredacted versions of the Nike Contract with the Court via the Court's proposed order inbox on or before 8/5/15 for an *in camera* inspection. Information regarding this Court's proposed order inbox is available on the Court's webpage. If the parties prefer, they may instead deliver the redacted and unredacted versions of the contract to chambers by hand before 5:00 p.m., on 8/5/15. Based on the representations of the parties that the unredacted contract will be made available for viewing by Defendants' counsel this week, the Court will address any remaining issues regarding this motion on the day of jury selection on 8/11/15.

## XIII. The Intervenors' Motion for Protective Order [328]

The Intevenors' motion for a protective order [328] is taken under advisement. As previously ordered [313], the parties are to meet and confer regarding which provisions from the disputed contracts will be relied upon at trial and made public, and which provisions should be redacted. The parties shall submit a filing detailing their progress in this regard by 5:00 p.m. on 8/10/15. The

Court requires a Word document or Excel spread sheet containing: (1) the lines and paragraphs (or specific text if feasible) of the contracts that Defendants plan to put into evidence; (2) Defendants' summary justification for using those sections of the contracts; (3) whether Plaintiffs or Intervenors object to the use of the specific sections; and (4) the summary basis of any objections. The meet and confer process and the resulting filing shall address not only the contracts with the Intervenors, but all disputed contracts that Defendants plan to put into evidence. Defendants shall produce their proposal by Thursday 8/6/15, and the Plaintiffs/Intervenors shall respond by Friday 8/7/15. The Court will address any outstanding issues regarding this motion on the day of jury selection on 8/11/15.

## XIV. Case Schedule

The Court will instruct the jury that the trial is expected to last until 8/20/15 at the latest. Jury selection in this matter will begin at 11:00 a.m., on 8/11/15 in Courtroom 1725. If the parties have additional matters to bring before the Court at that time, they should contact Chambers as soon as possible and those matters will be addressed either before or after jury selection. For the duration of the proceeding, the Court will sit the jury promptly at 10:30 a.m., and if the parties wish to discuss any pending issues, they shall inform the Court that an earlier arrival is necessary such that all issues can be resolved prior to seating the jury on time. Should the parties wish to arrive early for setup at any time throughout the trial, they are advised that the Court will have its normal 9:45 a.m. call Monday through Thursday. Any in Court preparation by the parties should take the Court's schedule into consideration.

Dated: August 4, 2015

Entered:

_____

John Robert Blakey
United States District Judge

4